J. L. QUEEN, Trustee, v. A. WERNWAG et al.

*Evidence—Confusion of Goods.*

1. When the plaintiff sues to recover a stock of goods conveyed to him as trustee by defendant W, to secure a creditor of said defendant, evidence is admissible to prove: 1st, that it was agreed between the trustee and creditor, and said W, that said W should remain in possession of the goods and sell them, and pay the debts of the firm, composed of said W and the secured creditor; 2d, what goods were in the store when the deed in trust was executed, and what, when the goods were seized by the sheriff ; 3d, what additions had been made to the stock · by adding goods purchased with funds which were the separate estate of the *feme* defendant, and which of the goods seized were thus added.

2. In such case the trustee can claim only such of the goods as composed the original stock, and not those added by the *feme* defendant.

3. The rule, that he who produces a confusion of goods shall lose his own, is carried no further than necessity requires, and applies only to cases where it is impossible to distinguish what belonged to one from what belonged to the other. When the articles can be easily distinguished and separated, no change of property takes place, but the burden is on the guilty party to distinguish his property or lose it.

This was a CIVIL ACTION, tried before *Avery, Judge*, at Fall Term, 1886, of HAYWOOD Superior Court.

There was verdict and judgment for the plaintiff, from which the defendants appealed.

The facts are sufficiently stated in the opinion of the Court.

No counsel for the plaintiff.

*Messrs. W. B. Ferguson* and *W. L. Norwood*, (*Mr. Geo. H. Smathers* also filed a brief), for the defendants.

SMITH, C. J.   This action is prosecuted under the provisions of *The Code*, §§321 to 333, inclusive, by the plaintiff, who claims title under three several conveyances of the defendant A. Wernwag, in trust to secure certain recited debts due Samuel Isler, to recover possession of a stock of goods and merchandise then held by him.   The goods were seized and delivered to the plaintiff under an order made in the cause on the 6th day of June, 1885, on which the summons was sued out, and the order to take the goods from the defendant was issued.   The allegations made in the complaint being denied in the answer, issues were submitted to the jury, which, and the responses to each, are as follows:

I. Is the plaintiff the owner of the property described in the complaint?   Answer, Yes.

II. Did the defendants wrongfully detain said property? Answer, Yes.

III. What is the value of the goods seized?   Answer, Four hundred dollars.

On the trial the plaintiff testified on his own behalf, and on his cross-examination the defendant proposed to show by the witness that he permitted the defendant A. Wernwag to remain in possession of the goods from the day of making the deeds (December 9th, 1884,) until the seizure; what goods were then in the store, and what, when taken by the

sheriff, of the original stock; that the said defendant continued thereafter as before to sell and dispose of the goods assigned, and that the stock had been meanwhile replenished by additions thereto, made with the funds of the *feme* defendant, and out of her separate estate. The evidence was refused, and defendants excepted.

The defendant A. Wernwag, a witness for himself, proposed to prove an agreement between himself and the plaintiff, made at the time the deeds were executed, to which the creditor Isler also assented, that the witness was to remain in possession of the goods, sell them out and pay the debts of A. Wernwag & Co., constituted of the witness and the said Isler. This testimony was also, after objection, ruled out, and defendant excepted.

The substance of the offered evidence was to show that the continued sale and disposition of the goods was with the assent of both the trustee and secured creditor, under a resulting agency in the reduction of the stock, and the residue left of the stock on hand when the assignment was made. We do not know upon what ground the proof was declared to be inadmissible, if, in the separation, the additions could be distinguished from the other articles of merchandise, because the property in the latter only was in the trustee.

It may be that it was deemed a confusion of goods, whereby the title to the goods added, was lost, upon a well known rule of law, or it may have been considered a replenishment of the stock from the proceeds of such as were sold. On neither ground ought the evidence to have been excluded.

The rule is thus stated by Chancellor Kent: "If A will *wilfully intermix* his corn or hay with that of B, or casts his gold into another's crucible, so that it becomes impossible to distinguish what belonged to A from what belonged to B, the whole belongs to B. But this rule is carried no further than necessity requires, and if the goods can be easily distinguished and separated, as articles of furniture, for instance,

25*

then no change of property takes place." * * "It is for the party guilty of the fraud to distinguish his own property satisfactorily or lose it;" 2 Kent. Com., 365.

"We cannot but think," says Mr. Parsons, "that the intent of the parties and the moral character of the transaction would enter into the law of the case. 2 Pars. Cont., 474.

So remarks MORTON, J., after citing the passage from Kent, "but this rule only applies to *wrongful* or *fraudulent* intermixtures; *Rider* v. *Hathaway*, 21 Pick:, 298.

The intermixture of goods of different kinds in a store is unlike that of a commingling of wheat, corn and melted metal into one undistinguishable mass, for it is possible that the original articles had labels, marks or other devices, or that those which formed the accession had them, so that the identity of the several parcels could be ascertained, and for this purpose the evidence of the plaintiff himself was offered and refused.

Not only was this ruling untenable on the first ground suggested, nor was there any evidence that the accessions to the stock came from purchases made with money received from what were sold; the testimony to establish the contrary was disallowed.

There is error and must be a new trial, to which end this will be certified.

Error.                                        *Venire de novo.*